**Benjamin R. Trachtman, Esq. [SBN 137458]**
**TRACHTMAN & TRACHTMAN, LLP**
**23046 Avenida De La Carlota, Suite 300**
**Laguna Hills, CA  92653**
**Telephone:  (949) 282-0100**
**Facsimile:  (949) 282-0111**

Attorneys for Defendants Donelle Dadigan and
U.S. Bancorp (erroneously sued herein as
US Bank, N.A.)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY LINDSAY,<br><br>            Plaintiff,<br><br>    vs.<br><br>DONELLE DADIGAN; US BANK, N.A.; and DOES 1-10,<br><br>            Defendants. | **CASE NO. 2:16-cv-01481-CBM (ASx)**<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS**<br><br>DATE:       February 28, 2017<br>TIME:        10;00 a.m.<br>DEPT.:       8B<br>JUDGE.:     Hon. Consuelo B. Marshall |

//
//
//
//
//
//
//

-I-
_____
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

# **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................. 1

SUMMARY OF FACTS AND PROCEDURAL HISTORY ................................. 2

LEGAL STANDARD ............................................................................................ 4

ARGUMENT .......................................................................................................... 5

I. DEFENDANTS' MARCH 31 OFFER OF JUDGMENT UNDER RULE 68 BARS PLAINTIFF FROM RECOVERING SUBSEQUENT FEES ........................................................................................................ 6

II. BECAUSE DEFENDANTS ADMITTED AN ADA VIOLATION IN THEIR ANSWER, PLAINTIFF HAD NO FURTHER NEED TO LITIGATE AND ANY SUBSEQUENT FEES INCURRED WERE UNNECESSARY ............................................................................ 8

III. THIS COURT SHOULD CLOSELY SCRUTINIZE COUNSEL'S BILLING STATEMENTS AND CUT ALL NON-BILLABLE OR OVER-BILLED ENTRIES ................................................................. 10

IV. ANY AMOUNT OF REASONABLE FEES DETERMINED BY THIS COURT SHOULD BE ADJUSTED DOWNWARD BECAUSE THE MAJORITY OF CLAIMED FEES WERE UNNECESSARY TO SECURE THE RESULTS PLAINTIFF ULTIMATELY OBTAINED ... 11

CONCLUSION ..................................................................................................... 12

_____
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

# TABLE OF AUTHORITIES

**CASES**

*Copeland v. Marshall*
   641 F.2d 880 (D.C. Cir. 1990) ................................................................4, 10

*Hensley v. Eckerhart*
   461 U.S. 424 (1983) ...............................................................................4, 10, 11

*In re Smith*
   586 F.3d 1169 (9th Cir. 2009)..................................................................4

*K. M. ex rel. Bright v. Tustin Unified School Dist.*
   78 F. Supp. 3d 1289 (C.D. Cal. 2015).....................................................4

*Lang v. Gates*
   36 F.3d 73, 75 (9th Cir. 1994)................................................................6, 7

*Moreno v. City of Sacramento*
   534 F.3d 1106, 1111 (9th Cir. 2008)......................................................4

*Munson v. Del Taco, Inc.*
   208 P.3d 623, 625 (Cal. 2009) ................................................................8, 9

**STATE STATUTES**

CAL. CIV. CODE § 51 .....................................................................................4, 8
CAL. CIV. CODE § 52 .....................................................................................4, 8

**FEDERAL STATUTES**

FED. R. CIV. P. 68 ..........................................................................................6, 8

# INTRODUCTION

Defendants Donelle Dadigan and U.S. Bancorp (erroneously sued as "US Bank, N.A.") are before this Court in Opposition to Plaintiff's Motion to Recover Attorneys' Fees and Costs. Simply stated, the amount of fees and costs claimed in Plaintiff's motion are grossly over-inflated. As addressed below, the vast majority of Plaintiff's claimed fees are unreasonable, unwarranted, and were unnecessary to achieve the results Plaintiff ultimately obtained in this case. The timeline of events tells the tale. Upon receipt of Plaintiff's Complaint, which was Defendants' first notice of the claimed violations, Defendants moved quickly to investigate, confirm, and remediate the claimed violations. The violation was admitted within three (3) weeks of Defendants' receipt of the Complaint, and Defendants simultaneously offered a Judgment for $4,001, plus reasonable fees and costs up to that point. Repairs were performed less than one month later. Yet Plaintiff forced this litigation to drag on for months despite Defendants' rapid remedial efforts, and equally rapid attempt to end the litigation pursuant to Federal Rule of Civil Procedure 68. The bulk of the claimed fees and costs were generated during this unnecessary period of delay.

Plaintiff's Motion for Attorneys' Fees is nothing more than an attempted shakedown of Defendants. Counsel's own billing sheets betray the timeline of events and demonstrate that these fees were racked up unnecessarily in a transparent attempt by Plaintiff's counsel to collect a windfall. For the reasons set forth below, this Court should send a message to counsel that this type of extortion is improper under the relevant fee statute and decisional law interpreting same.  The court should award no more than three (3) hours of attorneys' fees as reasonable in this case, as Plaintiff merely needed to file and serve her Complaint to produce compliance from Defendants.

//

//

___
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

Plaintiff and serial litigant Shirley Lindsay filed a Complaint on March 3, 2016, alleging that a U.S. Bank branch she visited did not have a Code compliant 36" lowered transaction counter, and that it lacked a Code compliant handicapped-accessible parking stall. Plaintiff further alleged the branch manager, Jorge Diaz, had denied her service and told her to cash her check at another branch. Plaintiff has filed a total of 151 ADA suits since December 19, 2014. Her Compliant, alleging violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act was Defendants' first notice of the alleged violation. Defendants moved with all possible speed to determine whether the claimed violations existed, and to secure a formal Certified Access Specialist ("CASp") inspection and report. In their Answer to the Complaint, filed on March 31, 2016, Defendants admitted that the bank's transaction counter was in violation of the ADA. Defendants concurrently served Plaintiff with a Rule 68 Offer of Judgment in the amount of $4,001.00, plus reasonable attorneys' fees. Plaintiff rejected that Offer of Judgment.

On April 6, 2016, U.S. Bancorp received the formal CASp Report, which identified ADA violations regarding the transaction counter and the parking lot. U.S. Bancorp promptly addressed these issues and completed repairs on or about April 25, 2016. On May 2, 2016, Defendants sent correspondence to Plaintiff's counsel notifying them that repairs had been completed to the teller window and parking lot. Color photographs of the repairs and copies of invoices for work done were sent along with the correspondence.

On May 10, 2016, this case came on for hearing on a Scheduling Conference before the Honorable Judge Consuelo B. Marshall, United States District Judge. Defense counsel informed this Court that U.S. Bancorp had performed an inspection, obtained a CASp Report, and promptly effected repairs to the conditions alleged in Plaintiff's Complaint. Following this exchange, the

1  Court turned to Plaintiff's counsel and inquired on several occasions, "What is
2  there left to do, here?" Plaintiff's attorney claimed Plaintiff still wanted to
3  investigate the Branch Manager's alleged retaliatory denial of service to Plaintiff.
4  The Court set dates, and ordered that a site inspection was to take place no later
5  than May 24, 2016.

6        On May 12, 2016, Defendant U.S. Bancorp served Plaintiff with a new Rule
7  68 Offer of Judgment in the amount of $10,001.00. This particular Rule 68 Offer
8  included all fees and costs and was designed to demonstrate that under no
9  circumstances could Plaintiff's attorneys rack up more than $6,000 in legal fees
10 and costs to procure the barrier removal via their Complaint filing. Defendants
11 made this offer to pay $6,000 in Plaintiff's attorneys' fees for the sole purpose of
12 ending the litigation and buying Defendants' peace. Plaintiff's rejected this offer
13 as well.

14       Following the hearing, Plaintiff served unnecessary written discovery on
15 Defendants, in the form of Interrogatories, Requests for Admission, and Requests
16 for Production.  This boilerplate discovery was primarily aimed at attempting to
17 prove that a barrier had existed on the property. However, such discovery was
18 unnecessary in that Defendants had already admitted, in multiple formats, that the
19 barriers existed and were corrected. On May 25, 2016, a site inspection was
20 conducted at the branch.

21       Out of the blue, on July 09, 2016, only four (4) days before Mr. Diaz'
22 deposition, Plaintiff's counsel Phyl Grace communicated an offer to settle the
23 matter for payment of $4,000.00, plus a motion for reasonable fees and costs.
24 Defendants ultimately accepted Plaintiff's offer, understanding that Plaintiff may
25 be entitled to some amount of reasonable attorneys' fees, but reserving their rights
26 to fully contest and litigate same. A settlement agreement was fully executed by
27 all parties as of August 18, 2016, and the settlement check for $4,000.00 was
28 distributed on August 23, 2016.

On October 5, 2016, Plaintiff's counsel's office emailed Defendants a demand for $17,000.00 in attorneys' fees. Defendants received the instant Motion to Recover Attorneys' Fees on January 25, 2017.

## LEGAL STANDARD

Plaintiff's Motion is predicated on section 52 of the California Civil Code, which allows for the recovery of statutory damages and reasonable attorneys' fees in an action brought under the Unruh Civil Rights Act, codified at section 51 of the California Civil Code.[1] Reasonable attorney's fees under section 51 are calculated using the "lodestar" method, which multiplies the number of hours reasonably expended by the reasonable hourly rate. *K.M. ex rel. Bright v. Tustin Unified School Dist.*, 78 F. Supp. 3d 1289, 1297 (C.D. Cal. 2015); *see Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Hours that are "excessive, redundant, or otherwise unnecessary" must be excluded from this calculation. *Hensley*, 461 U.S. at 434.

When awarding reasonable fees pursuant to a fee statute, "the district court must strike a balance between granting sufficient fees to attract qualified counsel..., and avoiding a windfall to counsel." *In re Smith*, 586 F.3d 1169, 1174 (9th Cir. 2009) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)). Further, the hours claimed by a plaintiff's attorney cannot be viewed in a vacuum. The concept of "billing judgment" employed in the private sector is every bit as forceful in the context of a statutory fee award to a prevailing plaintiff. *Hensley*, 461 U.S. at 434. "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Id.* (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1990)).

//

---

[1] Future references are to the California Civil Code unless otherwise noted.

-4-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

## ARGUMENT

Plaintiff's counsel is attempting to extort over $22,000.00 in costs and fees out of Defendants. Simply stated, it is unfathomable that Plaintiff's attorneys could have spent more than three (3) hours learning of the ADA violations, crafting their pro forma Complaint, and researching who owned the property in order to effect service of same. Those actions and those alone resulted in the barriers being removed and Plaintiff obtaining the relief that she sought. Any other attorney time in this case, besides consummating the settlement should not be compensable. Plaintiff's attorneys propounded frivolous discovery, predicated on misrepresentations to the Court regarding the need to further investigate the purported "insensitivity" of Mr. Diaz, the branch manager. Notably, such "further investigation" never occurred – Plaintiff never even bothered to take his deposition. The written discovery served not only to artificially inflate Plaintiff's fees and costs, but also imposed significant expense on Defendants as their counsel analyzed Plaintiff's discovery and prepared responses – all of which was unnecessary and could have been avoided if Plaintiff's counsel had reasonably accepted *either* of Defendants' Rule 68 offers.

The absurdity of counsel's claimed fees is underscored by the plethora of legal fallacies in their boilerplate motion. First, Defendants' Rule 68 Offer of Judgment precludes Plaintiff from recovering *any* fees incurred beyond the date of the offer. Second, the costs incurred after Defendants' Answer were wholly unnecessary to achieve the desired results. Defendants admitted in their Answer that a violation occurred, which triggered the $4,000 statutory fee award ultimately distributed to Plaintiff in settlement. Defendants proactively moved to remedy the violations irrespective of any further fees incurred by Plaintiff. Third, although the main thrust of Defendants' position is that these fees are patently unnecessary and usurious in nature, this Court can and should find that any fees that do not comport with reasonable billing practices are unreasonable and

exclude same from the "lodestar" amount. Finally, once the Court has arrived at its "lodestar" amount, that amount should be aggressively adjusted downward because the results obtained by Plaintiff do not warrant the level of fees claimed.

## I. DEFENDANTS' MARCH 31 OFFER OF JUDGMENT UNDER RULE 68 BARS PLAINTIFF FROM RECOVERING SUBSEQUENT FEES

Federal Rule of Civil Procedure 68 allows a defendant to serve plaintiff with an offer for judgment on specified terms. "If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." FED. R. CIV. P. 68. "The principal purpose of the Rule is to encourage settlement and to avoid litigation." *Lang v. Gates*, 36 F.3d 73, 75 (9th Cir. 1994). "To preserve and promote the purposes of Rule 68, the phrase 'judgment finally obtained' certainly would encompass an order finally terminating the litigation as a result of settlement." *Id.* at 77.

Here, Defendants made an Offer of Judgment pursuant to Rule 68 on March 31, 2016. That offer would have compensated Plaintiff $4,001, allowed for a motion to recover attorneys' fees and costs (just like the motion presently before this Court), and stipulated that the complained-of barriers would be remediated within 180 days. Plaintiff rejected this offer. The case then settled, three and one-half months later, for $4,000, a motion to recover attorneys' fees and costs, and with Defendants having already remedied the barriers complained of in Plaintiff's Complaint. Thus, Plaintiff is in exactly the same position today that she would have been in had she accepted the March 31 Offer of Judgment, with one important distinction – the monetary award Plaintiff received is less than the amount initially offered pursuant to Rule 68. Therefore, the "judgment finally obtained" in settlement of the claim is "not more favorable than the unaccepted offer."

-6-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

Because the judgment finally obtained in this case is less favorable than the judgment offered, Plaintiff is not entitled to recover *any* attorneys' fees beyond those reasonably incurred prior to the Rule 68 offer. In *Lang v. Gates*, 36 F.3d 73, the Ninth Circuit Court of Appeals held that a plaintiff's attorney was not entitled to fees incurred after defendants' Rule 68 offer when the case ultimately settled for the same amount offered. In rejecting the plaintiff's argument that the term "judgment" should not include settlement, the court reasoned:

> "Finally, and perhaps most seriously, [plaintiff's attorney's] reading of the Rule would allow a plaintiff's counsel to encourage rejection of a Rule 68 offer, **prolong settlement negotiations while accumulating fees**, and then have the client accept the same offer-or one of lesser value-at a later date, **earning significantly more in attorney's fees through the delay, although plaintiff himself would gain nothing**. Such a result would contradict the intent of Rule 68 to facilitate settlement and to ensure that plaintiff has received "monetary benefits from the postoffer services of his attorney." [Citation]. By contrast, applying Rule 68 to cases resolved by settlement will serve as a disincentive for plaintiff's attorney to recommend continued litigation needlessly after defendant has made a reasonable settlement offer."

*Lang v. Gates*, 36 F.3d at 76 (emphasis added) (citation omitted). The Court noted that its holding discouraged delays by plaintiff's attorneys in accepting reasonable offers. *Id.* The court further noted that delays "[do] not benefit plaintiffs; indeed, such delay benefits only a plaintiff's attorney."

This case presents exactly the same issue decided in *Lang*. Plaintiff gained absolutely nothing through counsel's dilatory tactics in forcing this litigation to needlessly proceed for months after Defendants communicated their Rule 68 Offer. Indeed, Plaintiff ended up slightly worse off by receiving a lesser amount in agreed-upon damages. Consistent with the principles articulated in *Lang*, this Court should refuse to consider any claim of fees and costs incurred by Plaintiff

after the March 31 Offer. It is time to send this Plaintiff's firm a message that it cannot unreasonably drag out litigation to extort fees from Defendants, especially where those Defendants act with all speed to admit the violation, agree to statutory damages, and fix the barriers complained of.

## II. BECAUSE DEFENDANTS ADMITTED AN ADA VIOLATION IN THEIR ANSWER, PLAINTIFF HAD NO FURTHER NEED TO LITIGATE AND ANY SUBSEQUENT FEES INCURRED WERE UNNECESSARY

Plaintiff's basis for claiming attorneys' fees in this case is predicated on section 52, which outlines statutory damages for a violation of the Unruh Civil Rights Act. The Unruh Act, section 51, expressly states that a violation of the Americans with Disabilities Act ("ADA") also constitutes a violation of the Unruh Act. CAL. CIV. CODE § 51(f). Thus, if a violation of the ADA is pled and proved or admitted, the plaintiff becomes entitled to $4,000 in statutory damages, plus reasonable attorneys' fees to be determined by the court. "The Legislature's intent in adding subdivision (f) was to provide disabled Californians injured by violations of the ADA with the remedies provided by section 52." *Munson v. Del Taco, Inc.*, 208 P.3d 623, 625 (Cal. 2009). "A plaintiff who establishes a violation of the ADA, therefore, need not prove intentional discrimination in order to obtain damages under section 52." *Id.*

In this case, Defendants *never* disputed that the branch was out of ADA compliance. In its Answer to the Complaint, filed on March 31, 2016, U.S. Bancorp *expressly admitted* that the branch did not have a Code compliant 36" transaction counter. U.S. Bancorp concurrently served a Rule 68 Offer of Judgment in the amount of $4,001.00 in damages, plus reasonable attorneys' fees to be determined by the court, based on nothing more than Plaintiff's complaint

-8-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

and a preliminary inspection by U.S. Bancorp personnel. The barriers complained of in Plaintiff's Complaint were brought into compliance by April 25, 2016. Plaintiff was formally notified and given proof of same on May 2, 2016.

From this point forward, there was absolutely *no need* to proceed with any further litigation. Yet Plaintiff's counsel stood before this court and claimed that Plaintiff wanted to further investigate the alleged retaliatory denial of service by the bank manager. They then proceeded to bombard Defendants with written discovery that was wholly irrelevant and unnecessary at the time it was propounded, while simultaneously subpoenaing the branch manager for deposition. Then, four days (4) before the bank manager was set to be deposed to debunk the allegation of intentional discrimination, Plaintiff's counsel offered to settle the case for $4,000 in statutory damages, plus reasonable fees. This Court asked Plaintiff's counsel at the May 10 hearing, "What is there left to do, here?" Plaintiff's abandonment of the intentional discrimination allegation is proof positive that counsel's response to the Court should have been – "Nothing."

Not only was the allegation of intentional discrimination meritless, and ultimately abandoned by Plaintiff, but it was also completely unnecessary as a matter of law. Plaintiff would not have been entitled to *any* additional damages even if she proved this allegation. "A plaintiff who establishes a violation of the ADA, therefore, **need not prove intentional discrimination** in order to obtain damages under section 52." *Munson*, 208 P.3d at 625 (emphasis added). Defendants had already admitted the violation in their Answer. Thus, as of March 31, 2016, Plaintiff was *already entitled to statutory damages and attorneys' fees*.

Plaintiff had nothing further to gain by continuing to drag this litigation out beyond Defendants' March 31 Answer and Offer of Judgment. Every billed hour claimed by the Potter Handy firm from that point forward was billed solely to jack-up attorneys' fees in an attempt by counsel to collect a windfall. This is a blatant, transparent attempt by Plaintiff's attorneys to do unnecessary work to

-9-

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

increase their recovery, when all that was necessary was to file a cookie-cutter complaint they have filed hundreds, if not thousands of times. At most, three hours of time is all that was needed to draft, file, and serve the complaint. That is reasonable and compensable – nothing more.

### III. THIS COURT SHOULD CLOSELY SCRUTINIZE COUNSEL'S BILLING STATEMENTS AND CUT ALL NON-BILLABLE OR OVER-BILLED ENTRIES

Defendants' opposition is based primarily on the "big picture" considerations at issue in this case – specifically, that Plaintiff's counsel willfully forced Defendants to continue litigating this case in a transparent effort to hike up Plaintiff's attorneys' fees. However, it is worth taking a moment to examine the minutia of counsel's byzantine billing practices – practices that would *never* pass muster with a private sector client. Such billing judgment is one aspect of reasonableness. The Supreme Court has consistently recognized that "[h]ours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*, 641 F.2d at 891). Where, as here, counsel's billing entries would not be paid by a private sector client, the same bills cannot be enforced against Defendants.

Counsel's bills reflect repeated billing for non-billable time spent delegating tasks to staff. BRT Decl. at ¶ 28. Entries that consist exclusively of "instructing staff" or "instructing assistant" to perform any task should be categorically eliminated as unreasonable or overstaffed fees. *Id.* Entries that include such tasks as part of a larger "block" of bills should be reduced by at least 0.2 hours, as that is the "going rate" for Plaintiff's counsel in billing single entries for "instructing" staff and assistants. *See* BRT Decl. at ¶¶ 27-28.

-10-
_____
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

Further, the time claimed by Phyl Grace should be reduced by at least 0.8 hours for her two phone calls to Defense counsel on April 8, 2016 and July 11, 2016. *See* BRT Decl. at ¶¶ 29-30. These phone conversations each lasted less than 6 minutes and were billed to Defendants at a 0.1, whereas Ms. Grace claims 0.5 or more for the same calls. This demonstrable over-billing should give this Court serious pause when determining whether and to what extent any of counsel's fee claims are reasonable. Finally, Ms. Grace's bills should be reduced by an additional 1.7 hours for unreasonable and unnecessary time claimed for her to write one to two line emails between May 5, 2016 and July 11, 2016. *Id.* at ¶ 31.

## IV. **ANY AMOUNT OF REASONABLE FEES DETERMINED BY THIS COURT SHOULD BE ADJUSTED DOWNWARD BECAUSE THE MAJORITY OF CLAIMED FEES WERE UNNECESSARY TO SECURE THE RESULTS PLAINTIFF ULTIMATELY OBTAINED**

In assessing whether a claimed fee award is reasonable, this Court should reduce the "lodestar" amount if it determines that the fees are disproportionately high compared with the results obtained. This "results obtained" factor requires the Court to ask: "did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley*, 461 U.S. at 434.

Here, the answer to that question is a clear and resounding "No." Defendants' Rule 68 Offer of Judgment, dated March 31, would have ended the litigation by allowing Plaintiff to move for attorneys' fees in addition to paying Plaintiff $4,001 – an offer for judgment that was $1 *more than* what the case ended up settling for over three months later. That Rule 68 Offer of Judgment also contemplated remedying the complained-of barriers within 180 days of settlement. Prior to and inclusive of March 31, Plaintiff's attorneys had spent a claimed total of 11.2 hours on the case (a total which, as discussed above, is based on over-

inflated and excessive billing, and itself should be seriously questioned.) By Plaintiff's math, that amount of attorney billed hours is "worth" a total of $4,540.00 in fees. To be clear, every penny of claimed attorneys' fees beyond this amount was spent to ultimately secure a judgment that was $1 *less than* what the case could have settled for on March 31, 2016. Further, as argued above, such claimed fees should be further discounted to reflect no more than 3 hours of work to investigate the claim and file the pro forma Complaint in this action.

In her motion, Plaintiff claims a total of $19,847.50 in fees. By Plaintiff's math, only $4,540.00 in claimed fees had accrued as of the March 31 Offer of Judgment. Thus, $15,307.50 in claimed fees – over 77% of the claimed amount – were billed to secure a lesser judgment than what Defendants offered on March 31, 2016. On what planet does this constitute "success" within the meaning of *Hensley*? Any contention by Plaintiff that it was necessary to incur $15,307.50 in fees to secure a favorable outcome will only betray just how unnecessary and unreasonable the fee request is in this case. There was absolutely no need to incur any of these additional fees. No award for fees should be given for any amount claimed after Defendants' March 31, 2016 Rule 68 Offer.

## **CONCLUSION**

Plaintiff achieved all the relief demanded in her Complaint, and all the relief she was entitled to. The only thing Plaintiff's needed to do to achieve this outcome was file a Complaint. This should reasonably have taken no more than three (3) hours to do. Defendants needed no additional inducement to remedy the claimed violations and offer Plaintiff statutory damages. Plaintiff's motion is nothing short of a shakedown of Defendants, who were forced to continue litigating this action long after the matter should have settled. Awarding Plaintiff's counsel the exorbitant fees claimed in their Motion would be contrary to the interests of justice, and would do nothing to further the policies supported by the

ADA. For the foregoing reasons, Defendants respectfully request that this Court severely limit the fees awarded to Plaintiff to those *reasonable* fees incurred prior to the March 31 Offer of Judgment made pursuant to Rule 68.

DATED: February 7, 2017           TRACHTMAN & TRACHTMAN, LLP

*/s/ Benjamin R. Trachtman*
By:_____
    Benjamin R. Trachtman
    23046 Avenida De La Carlota, Suite 300
    Laguna Hills, CA  92653
    Email:  btrachtman@trachtmanlaw.com
    Telephone:  (949) 282-0100
    Facsimile:    (949) 282-0111
    Attorneys for Defendants Donelle Dadigan
    and U.S. Bancorp

DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS

# PROOF OF SERVICE
# FRCP 5

**State of California**        )
                               ) ss.
**County of Orange**           )

I, Stephanie Straka, the undersigned, am over the age of 18 years and not a party to this action. I am employed with the law firm of Trachtman & Trachtman, LLP, whose address is 23046 Avenida De La Carlota, Suite 300, Laguna Hills, California 92691.

On February 7, 2017, I served the interested parties in this action with the following documents:

**DEFENDANTS DONELLE DADIGAN AND U.S. BANCORP'S OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS**

as follows:

| *[X] <u>**BY ELECTRONIC TRANSMISSION**</u>:* | phylg@potterhandy.com<br>rayballister@potterhandy.com<br>mark@potterhandy.com<br>dennisP@potterhandy.com<br>**Attorneys for Plaintiff Shirley Lindsay** |
|---|---|

I caused such document to be electronically transmitted via United States District Court, Central District of California, which is then printed and maintained with the original documents in our office.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 7, 2017, at Laguna Hills, California.

*/s/ Stephanie Straka*

_____
Stephanie Straka, Declarant

-14-
_____
DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY FEES AND COSTS