CENTER FOR DISABILITY ACCESS
Mark Potter, Esq., SBN 166317
Dennis Price, SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg @ potterhandy.com
   Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Shirley Lindsay**,<br><br>      Plaintiff,<br><br>v.<br><br>**Donelle Dadigan;<br>US Bank, N.A.;**,<br><br>      Defendants. | **Case:** 2:16-cv-01481-CBM-AS<br><br>**Declaration of Mark Potter in Support of Plaintiff's Reply Brief: Motion for An Award of Attorney's Fees**<br><br>Date:   February 28, 2017<br>Time:  10:00 a.m.<br>Ctrm:  8B (First Street Courhouse)<br><br>Honorable Consuelo B. Marshall |

1. I, the undersigned, am one of the attorneys for plaintiff, Shirley Lindsay, and in that capacity of have familiarity with this case. I can competently testify to the following based on my own knowledge and experience.

2. Over the last eleven years, I have represented numerous clients in cases against US Bank for violations of the ADA and Unruh Civil Rights Act. A representative sampling of those cases is as follows:

1

| Client | Case No. | Court | Filed | Barriers |
|---|---|---|---|---|
| Monson | 30-08-00113731 | Santa Ana Superior | 10/22/08 | No accessible counters or doors |
| McCory | RIC1105844 | Riverside Superior | 4/1/11 | No accessible counters |
| Figueroa | VC059271 | Norwalk Superior | 8/4/11 | No accessible counters or tables |
| Carpenter | SC114809 | Santa Monica Superior | 11/8/11 | No accessible parking |
| Villegas | TC026094 | Compton Superior | 1/17/12 | No accessible counters |
| Langer | 30-2013-00623683 | Santa Ana Superior | 1/10/13 | No accessible parking |
| Johnson | 2:13-CV-00892-M | Eastern District | 5/7/13 | No accessible parking |
| McComb | 13K10204 | Los Angeles Superior | 7/9/13 | Paths of travel |
| Barrera | 2:15-CV-00342-P | Central District | 1/16/15 | No accessible counters |
| Lammey | 2:15-CV-01637-D | Central District | 3/6/15 | No accessible counters |

3. I have identified US Bank, along with a handful of other businesses, as a sophisticated business that that will only undertake remedial projects when forced to do so. This is my experience.

4. Thus, it was important to my client and myself that we ensured that US Bank took steps to remove all the barriers at this facility. I included a demand for comprehensive remediation in the complaint.

5. On occasion, I get Rule 68 Offers that offer to "fix all violations identified in the complaint" or "ensure that the property complies with the ADA," or – as in this case – promise to follow the recommendations of a future CASp inspection. I have had terrible experiences with accepting such Rule 68

Offers. We typically cannot get injunctions issued to cover the non-specific violations and we end up disagreeing with businesses about what compliance actually entails.

6. For example, in this case, the defense hired Karen O. Haney as its expert. I have had several battles with Ms. Haney in other cases. In the case, *Salinas v. Pacific Castle*, No. 8:14-cv-01233-CJC-AN (C.D. Cal. 2014), Ms. Haney was the defense expert and declared a restaurant's transaction counter fully compliant. I, and my expert, disagreed with her conclusions and opinions. The parties filed cross-motions for summary judgment. Judge Carney agreed with me and rejected Karen O. Haney's expert opinions about compliance.

7. The emails submitted as exhibits 2 & 3 are true and accurate copies of the emails sent and received by my office from US Bank.

I declare, under penalty of perjury of the laws of the United States, that the foregoing is true and accurate.

Dated: February 14, 2017      CENTER FOR DISABILITY ACCESS

By: /s/ Mark Potter            .
Mark Potter, Esq.
Attorneys for Plaintiff