1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

| | |
|---|---|
| SHIRLEY LINDSAY, | Case No.:  CV 16-1481 CBM (AS) |
| Plaintiffs, | |
| vs. | **ORDER GRANTING MOTION FOR ATTORNEYS' FEES AND COSTS** |
| DONELLE DADIGAN; US BANK, N.A., | |
| Defendants. | |

12
13
14
15
16
17

The matter before the Court is Plaintiff's Motion For Attorneys' Fees,

18

Costs, and Litigation Expenses (the "Motion").  (Dkt. No. 27.)

19

    **I.    PROCEDURAL AND FACTUAL OVERVIEW**

20

On March 3, 2016, Plaintiff Shirley Lindsay filed a Complaint alleging that

21

a US Bank branch she visited did not have accessible transaction counters and

22

lacked accessible parking. Plaintiff further alleged that the Branch Manager told

23

Plaintiff he could not make an alternative arrangement to assist Plaintiff, that he

24

would not cash Plaintiff's check. The Complaint asserted a federal claim under the

25

American with Disabilities Act (the "ADA") and a state claim under the Unruh

26

Civil Rights Act (the "Unruh Act"), Cal. Civ. Code § 51-53.

27

On March 31, 2016, US Bank filed its Answer to the Complaint, along with

28

1  an Offer of Judgment pursuant to Federal Rule of Civil Procedure 68. (Declaration

2  of Benjamin Trachtman ("Trachtman Decl.") ¶ 10, Ex. C.) In its Rule 68 Offer of

3  Judgment, U.S. Bank offered to pay $4,001 to Plaintiff and to fix the transaction

4  counters in exchange for a dismissal of the entire action.

5       On May 2, 2016, US Bank's counsel notified Plaintiff that repairs had been

6  completed to the teller window and parking lot. (Trachtman ¶ 14, Ex. D.) On May

7  12, 2016, US Bank served Plaintiff with a new Rule 68 Offer of Judgment in the

8  amount of $10,001.00, inclusive of fees and costs. (Trachtman Decl. ¶ 16.)

9  Plaintiff rejected this offer, and continued to serve written discovery on

10  Defendants. (*Id.* ¶¶ 17, 18.)

11       On August 18, 2016, the matter settled for $4,000.00, plus reasonable fees

12  and costs to be determined by the Court. (Trachtman Decl. ¶ 22.) Plaintiff's instant

13  Motion seeks $19,847.50 in attorneys' fees and $2,838.31 in costs expended in

14  connection with this lawsuit.

15                    **II.   STATEMENT OF THE LAW**

16       The ADA and the Unruh Act permit a prevailing plaintiff to recover

17  attorneys' fees and costs. 42 U.S.C. § 12005; Cal Civ. Code § 55. Although the

18  ADA places an award of attorneys' fees in the court's discretion, the Supreme

19  Court has held that the prevailing party pursuant to statutes like the ADA "should

20  ordinarily recover attorneys' fees unless special circumstances would render such

21  an award unjust." *Hensley v. Eckhart*, 461 U.S. 424, 429 (1976).

22       "Congress passed the ADA in 1990 to provide clear, strong, consistent,

23  enforceable standards addressing discrimination against individuals with

24  disabilities." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007)

25  (citation and internal quotation marks omitted). And Congress enacted the fee-

26  shifting provisions of civil rights statutes "to ensure effective access to the judicial

27  process for persons with civil rights grievances." *Hensley*, 461 U.S. at 429

28  (internal quotation marks omitted). "If successful plaintiffs were routinely forced

1    to bear their own attorneys' fees, few aggrieved parties would be in a position to

2    advance the public interest by invoking the injunctive powers of the federal

3    courts." *Newman v. Piggie Park Enters., Inc.*, 390 U.S. 400, 402 (1968) (per

4    curiam).  Consequently, recovery of fees is "the rule rather than the exception."

5    *Herrington v. County of Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989) (order)

6    (internal quotation marks omitted).

7          To calculate a reasonable fee under these statutes, courts utilize the

8    "lodestar" method, which is obtained by multiplying the number of hours

9    reasonably expended on the litigation by a reasonable hourly rate.  *Jankey v. Poop*

10   *Deck*, 537 F.3d 1122, 1132 (9th Cir. 2008) (citing *Hensley v. Eckerhart,* 461 U.S.

11   424, 433-34 (1983)).  "The hours expended and the rate should be supported by

12   adequate documentation and other evidence."  *Hanlon v. Chrysler Corp.*, 150 F.3d

13   1011, 1029 (9th Cir. 1998).  The Court then "exclude[s] from th[e] initial fee

14   calculation hours that were not reasonably expended," such as hours that are

15   "excessive, redundant, or otherwise unnecessary."  *Jankey*, 537 F.3d at 1132

16   (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983)).  The Court, however,

17   must provide a "comprehensible" explanation for any fee reductions.  *T.B. ex rel.*

18   *Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 486 (9th Cir. 2015), *cert.*

19   *denied sub nom. San Diego Unified Sch. Dist. V. T.B.*, 136 S. Ct. 1679 (2016).

20                          **III.   DISCUSSION**

21   **A.    Prevailing Party**

22         The Court finds Plaintiff is entitled to reasonable fees and costs as a

23   prevailing party under the ADA and the Unruh Act.  *See* 42 U.S.C. § 12205; Cal

24   Civ. Code § 55; *Jankey*, 537 F.3d at 1130; *La Asociacion de Trabajadores de*

25   *Lake Forest v. City of Lake Forest*, 624 F.3d 1083, 1089 (9th Cir. 2010).

26   **B.    Rule 68 Offer of Judgment**

27         Defendants argue that their offer of judgment pursuant to Rule 68 should

28   have precluded Plaintiff from collecting post-offer fees. Rule 68 provides that if

1   the judgment finally obtained is less favorable than an earlier settlement offer, the

2   offeree must pay the costs incurred after the making of the offer. *See* Fed. R. Civ.

3   P. 68.  Under Rule 68, "costs" include attorneys fees if the relevant statute allows

4   them to be recovered as an item of costs. *Marek v. Chesny*, 473 U.S. 1, 9 (1985).

5   Here, neither the ADA nor the Unruh Act define attorneys fees as costs. *See* 42

6   U.S.C. § 12205; Cal. Civ. Code § 52; *Sea Coast Foods, Inc. v. Lu-Mar Lobster &*

7   *Shrimp, Inc.*, 260 F.3d 1054, 1059 (9th Cir. 2001). Accordingly, the Rule 68 cost-

8   shifting structure does not apply.

9   **C.      Lodestar Calculation**

10          **1.      Hourly Rate**

11          "[T]he established standard when determining a reasonable hourly rate is

12   the 'rate prevailing in the community for similar work performed by attorneys of

13   comparable skill, experience, and reputation.'" *Camacho v. Bridgeport Fin., Inc.*,

14   523 F.3d 973, 979 (9th Cir. 2008) (citations omitted). Defendants do not oppose

15   the rate at which Plaintiff's counsel seek reimbursement.

16          Plaintiff provides evidence that the hourly rates sought are the rates

17

18   prevailing in the community. (Potter Decl. ¶ 16.) Thus, the Court finds, based on

19   the evidence submitted, that the following hourly rates are reasonable:

20

| Name | Position | Years in Practice | Approved Billing Rate |
|---|---|---|---|
| Mark Potter | Attorney | 20 | $425 |
| Raymond Ballister | Attorney | 29 | $425 |
| Phyl Grace | Attorney | 22 | $350 |
| Dennis Price | Attorney | 6 | $250 |
| Isabel Masanque | Attorney | 5 | $250 |
| Amanda Lockhart | Attorney | 6 | $250 |
| Teresa Allen | Attorney | 7 | $250 |
| Sara Gunderson | Attorney | 2 | $250 |

27   \\

28   \\

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 2.    Hours Worked

Plaintiff's attorneys provided time sheets indicating that they spent a total of 54 hours prosecuting this action. (Potter Decl. ¶ 2, Ex. 2.) The requested attorneys' fees break down as follows:

| Name | Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Mark Potter | $425 | 22 | $9,350.00 |
| Raymond Ballister | $425 | 7.7 | $3,272.50 |
| Phyl Grace | $350 | 11.5 | $4,025.00 |
| Dennis Price | $250 | 4.9 | $1,225.00 |
| Isabel Masanque | $250 | 1.8 | $450.00 |
| Amanda Lockhart | $250 | 1.5 | $375.00 |
| Sara Gunderson | $250 | 2.5 | $625.00 |
| Teresa Allen | $250 | 2.1 | $525.00 |
| | **TOTAL** | 54 | $19,847.50 |

In calculating a reasonable number of hours, the Court "should exclude . . . hours that were not 'reasonably expended.'" *Hensley*, 461 U.S. at 434.

Plaintiff's billing records indicate that counsel utilized "block billing," a time-keeping method by which billing statements lump together multiple tasks, rather than itemizing time expended on each separate task. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 n.2 (9th Cir. 2007). With block billing, the Court cannot determine how much time was spent on particular tasks, or evaluate whether the time spent on such tasks was reasonable. *See id.* at 948. The Ninth Circuit has approved fee reductions for block billing. *Welch*, 480 F.3d at 948, citing *Hensley*, 461 U.S. at 437 (holding that an application for attorneys' fees must be supported by billing records that enable the reviewing court to easily identify the hours reasonably expended).

The Court finds that the following entries constitute block billing:

| Entry | Hours |
|---|---|
| **Mark Potter** | |
| "6/19/2015 \| Drove to and walked the site to conduct an assessment of the allegations; emailed the investigator about photos and measurements I want" | 2.1 |
| **Total** | 2.1 |
| **Raymond Ballister** | |
| "5/25/2016 \| email exchange with expert Jeff re site inspection; conference with expert Jeff prior to site inspection" | 0.7 |
| "5/25/2016 \| prepared for, travelled to, and attended site inspection; notes to file" | 4 |
| "5/31/2016 \| drafted Joint status report and emailed to defense counsel for inputs; reviewed revised joint status report from defense counsel's assistant; email to defense counsel's assistant requesting signed copy; reviewed and executed joint status report and instructed staff to file" | 0.7 |
| **Total** | 5.4 |
| **Phyl Grace** | |
| "3/23/2016 \| reviewed email from defense counsel re attorney representation and request for extension to file answer; instructed assistant to respond and request joint stipulation re same" | 0.3 |
| "3/28/2016 \| email exchange with defense counsel re stipulation re extension to file answer; instructed assistant to speak with defense counsel to set up a time to discuss case; reviewed email from defense counsel re scheduled phone conference" | 0.4 |
| "3/29/2016 \| Phone conference with defense counsel re case and stipulation to extend time to file answer; reviewed email from defense counsel along with the draft stipulation; reviewed stipulation and email to defense counsel re same" | 0.6 |
| "3/30/2016 \| Instructed assistant to contact defense counsel re stipulation; reviewed and responded to email from defense counsel re filing if stipulation" | 0.3 |
| "4/20/2016 \| prepared for and conducted rule 26 conference with defense counsel, discussed settlement and case status, notes to discovery team" | 1 |
| "7/12/2016 \| email exchange with defense counsel re settlement terms and CASp report; instructed staff to cancel deposition in light of settlement" | 1 |
| "7/25/2016 \| reviewed and approved defense counsel's inputs to set k; instructed assistant to email defense counsel for final approval" | 0.4 |
| **Total** | 4.0 |

| Dennis Price | |
|---|---|
| "4/27/2016 \| drafted joint status report and instructed assistant to email to defense counsel for inputs" | 0.5 |
| "5/3/2016" \| reviewed email from defense counsel re inputs to joint report, reviewed and finalized joint report and instructed staff to email to defense counsel for final approval; reviewed email from defense counsel to staff with minor change; revised and executed joint report and instructed staff to file" | 0.4 |
| "5/10/2016 \| travelled to, prepared for, and appeared at scheduling conference; notes to file" | 4 |
| **Total** | 4.9 |
| **Isabel Masanque** | |
| "5/16/2016 \| instructed assistant to contact expert bishop re availability for site inspection; reviewed email from expert Bishop to assistant re unavailability and instructed assistant to contact expert Jeff re availability; phone conference with expert Jeff re site inspection; left voice message for defense counsel re site inspection and email to defense counsel re same" | 0.9 |
| **Total** | 0.9 |
| **TOTAL HOURS "BLOCK BILLED"** | 17.3 |

Here, the Court finds it appropriate to impose a reduction of 20% of "block billed" hours, because the Court cannot identify the amount of time spent on each task. *Welch*, 480 F.3d at 948 ("block billing 'may increase time by 10% to 30%'"). The Court emphasizes that its reduction applies only to the block billed entries; the 20% reduction does not apply to all hours. Applying the 20% reduction to block billed entries, the Court deducts the following hours to determine the lodestar calculation:

- Mark Potter: 2.1 hours x 20% = 0.42 hours

- Raymond Ballister: 5.4 hours x 20% = 1.08 hours

- Phyl Grace: 4 hours x 20% = 0.8 hours

- Dennis Price: 4.9 hours x 20% = 0.98 hours

- Isabel Masanque: 0.9 hours x 20% = 0.18 hours

Several of Plaintiff's billing entries also claim time for "instructing staff" or

"instructing assistant" to perform certain tasks. However, costs associated with clerical tasks are typically considered overhead expenses reflected in the hourly billing rate, and are not compensable attorney fees. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them . . ."); *Ash Grove Cement Co. v. Liberty Mut. Ins. Co.*, 2014 WL 837389, at *9 (D. Or. Mar. 3, 2014) ("clerical tasks are not properly billed as attorney fees but are overhead expenses absorbed by counsel.") . Thus, the following hours are deducted to determine the lodestar calculation:

| Entry | Hours |
|---|---|
| **Mark Potter** | |
| "3/30/2016 \| instructed assistant to send default warning letter to def. US Bank" | 0.2 |
| "5/18/2016 \| instructed assistant to contact court clerk and defense counsel to schedule settlement conference" | 0.3 |
| "6/16/2016 \| instructed assistant to follow up with defense counsel re preferred dates for settlement conference" | 0.2 |
| **Total** | 0.7 |
| **Phyl Grace** | |
| "3/25/2016 \| instructed assistant to contact defense counsel re call to discuss case" | 0.2 |
| "4/1/2016 \| instructed assistant to contact defense counsel to call to discuss case" | 0.2 |
| "4/11/2016 \| instructed assistant to contact defense counsel and set up rule 26 conference" | 0.2 |
| "4/15/2016 \| instructed assistant to contact defense counsel to schedule rule 26 conference" | 0.2 |
| "4/19/2016 \| instructed assistant to email defense counsel confirming rule 26 conference" | 0.2 |
| "8/10/2016 \| reviewed email from defense counsel to assistant re set k signed by plaintiff and instructed staff to email set k to client for signature" | 0.3 |
| "8/22/2016 \| instructed assistant to email set k with client's signature to defense counsel" | 0.2 |
| **Total** | 1.5 |
| **TOTAL HOURS FOR CLERICAL TASKS** | 2.2 |

Accordingly, the Court deducts the following hours:

- Mark Potter: **0.7 hours**

- Raymond Ballister: **1.5 hours**

The Court has also identified other hours that were not reasonably expended. Phyl Grace recorded a total of 3.1 hours for twelve email exchanges with defense counsel, dated April 28, 2016 through May 13, 2016. (Potter Decl. Ex. 2, at 5-6.) However, Defendants provide copies of the emails, which indicate that Ms. Grace's responses usually did not exceed more than one or two lines and thus should not have taken more than six minutes each, or 0.1 hours, to prepare and send. (Trachtman Decl. ¶ 31; Ex. L.) Accordingly, the Court finds that **a 2 hour reduction** for email exchanges should be subtracted from the requested amount for Phyl Grace to account for hours not reasonably expended.

Finally, given Mr. Potter's experience in filing hundreds of lawsuits nearly identical to the instant case, the Court finds the hours requested for drafting the complaint and reviewing the answers to be unreasonable. Plaintiff's complaint and Defendants' answers were 9 pages each and consisted of the typical claims and affirmative defenses asserted in ADA and Unruh Act accessibility cases. The Court thus reduces Mr. Potter's 2/29/2016 entry for drafting the complaint from 0.6 to 0.3 hours, and 3/31/2016 entry for reviewing answers from 1 to 0.2 hours, amounting to a **1.1 hour reduction** from Mr. Potter's requested amount. Additionally, Mr. Potter includes an entry for 10 hours estimated to spend reviewing Defendant's Opposition to Plaintiff's Motion for Attorneys' Fees, drafting Plaintiff's Reply, and traveling to and attending oral argument. The Opposition counsel reviewed was 17 pages long and consisted of a declaration with 12 exhibits. The Reply counsel drafted was 10 pages long and consisted of 3 exhibits. The Court finds 3 hours to be a reasonable amount of time for Mr. Potter to review the Opposition and draft the Reply. Furthermore, the Court took this

Motion under submission without oral argument, therefore Plaintiff's counsel did not need to travel to or attend oral argument. Accordingly, the Court finds that an additional **7 hour reduction** should be applied to Mr. Potter's requested amount to account for hours unreasonably expended.

In sum, after applying the foregoing reductions, the Court finds that 38.24 hours are reasonable for this litigation. The resulting lodestar is reflected below:

| Name | Rate | Hours | Lodestar Amount |
|---|---|---|---|
| Mark Potter | $425 | 12.78 | $5,431.50 |
| Raymond Ballister | $425 | 5.12 | $2176.00 |
| Phyl Grace | $350 | 8.7 | $3,045.00 |
| Dennis Price | $250 | 3.92 | $980.00 |
| Isabel Masanque | $250 | 1.62 | $405.00 |
| Amanda Lockhart | $250 | 1.5 | $375.00 |
| Sara Gunderson | $250 | 2.5 | $625.00 |
| Teresa Allen | $250 | 2.1 | $525.00 |
| **TOTAL LODESTAR AMOUNT** | | **38.24** | **$13,562.50** |

### 3.    *Kerr* Factors

After making the lodestar calculation, a court may assess whether it is necessary to adjust the presumptively reasonable lodestar figure on the basis of twelve factors articulated in *Kerr v. Screen Extras Guild Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), to the extent these factors have not been subsumed in the lodestar calculation. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1989). The *Kerr* factors include: (1) the time and labor required; (2) the difficulty and novelty of the issues; (3) the skill required; (4) preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent or fixed; (7) the restraints imposed by the client or the circumstances; (8) the amount involved and the results achieved; (9) the experience, ability, and reputation of the attorneys; (10) the "undesirability" of the case; (11) the nature

and length of the professional relationship between the attorney and client; and (12) awards in similar cases. *Kerr*, 526 F.2d at 69-70; *see also Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). Most of these factors are already subsumed in the lodestar calculation. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010).

This case was relatively simple and required a minimal amount of time and labor to prosecute. Apart from the instant Motion, there were no other motions filed. Factually, the case involved basic ADA and Unruh compliance issues such as whether parking spaces and counters were accessible for wheelchair access. Plaintiff admits that this case presented no significant legal issues of first impression. The fees in this case were contingent and there were no unique time limitations imposed by the client or circumstances. Plaintiff's counsel has extensive experience in ADA litigation, and it appears that Defendants did not seriously contest any of Plaintiff's compliance demands.

Defendants contend the lodestar amount should be adjusted downward because the majority of claimed fees were unnecessary to secure the results achieved by Plaintiff. The case ultimately settled for $4,000, significantly less than the requested amount of attorneys fees, and less than what the case could have settled for one month after the complaint was filed. However, it took the filing of Plaintiff's lawsuit to bring Defendants into compliance with the accessibility requirements of the ADA and Unruh Civil Rights Act, statutes that were enacted over 20 years ago. With Plaintiff's insistence, the US Bank fixed *all* the violations identified by its expert after the site inspection, bringing the facility into full compliance with the relevant statutes. In light of the results achieved, the Court finds that no adjustment to the lodestar amount is warranted.

The Court concludes that **$13,562.50** is a reasonable fee in this action.

**D.    Costs**

11

Plaintiff seeks $2,838.31 in costs for filing/service fees, pre-filing investigation, and experts. The Court **DENIES** the Motion with respect to Costs, so that Plaintiff may submit a Bill of Costs and a Notice of Application to the Clerk to Tax Costs to recover the costs of this action. Plaintiff must submit this request **no later than August 15, 2017.**

## IV.   CONCLUSION

Accordingly, the Court **GRANTS** the Motion with respect to Fees, and awards **$13,562.50** in attorneys' fees to Plaintiffs. The Court **DENIES without prejudice** the Motion with respect to Costs.

**IT IS SO ORDERED.**

DATED: August 1, 2017

_____
Honorable Consuelo B. Marshall
United States District Judge